[File No. 6639.]

LEONA KLINE, Respondent, v. D. L. ANDERSON, Appellant.

(293 N. W. 260.)

Opinion filed June 28, 1940.    Rehearing denied July 20, 1940.

*Charles L. Crum,* for appellant.
*August Doerr,* for respondent.

BURR, J.   The plaintiff seeks to recover upon a promissory note as follows:

"$1000.00                                    June 15th, 1933

On or before one year after date I promise to pay to the order of Leona Kline One Thousand        and        no/100 Dollars note to be cancelled as soon as loan or loans now being made are completed and delivered to payee herein.

Value received with interest at the rate of 7 per cent per annum.

D. L. Anderson."

The material defense is: "The defendant admits that on or about June 15 he did execute and deliver to the plaintiff his certain promissory note in writing for the sum of $1,000 with interest thereon at the rate of 7% per annum, payable on or before one year from date, but alleges that he executed said note under the following terms and conditions: That at said time defendant was the duly appointed, qualified and acting administrator of the estate of one Levi Mead, deceased, in which said estate plaintiff was financially interested, and, in order to protect and conserve said estate, and save the plaintiff's interest therein, the defendant executed said note at plaintiff's request for the sole purpose of securing funds for such purpose and that defendant never

at any time received any consideration therefor, all of which was well known to the plaintiff at said time."

The jury found for the plaintiff. Defendant moved for judgment notwithstanding the verdict or for a new trial, and on the motion being denied, he perfected this appeal.

The appellant specifies:

"1. The court erred in overruling and denying the defendant's motion for a nonsuit and dismissal of plaintiff's cause at the close of all the evidence.

"2. The court erred in its instructions to the jury, and especially in instructing the jury that the instrument upon which plaintiff based her case was a promissory note, payable within a reasonable time after its alleged due date, and not upon the happening of certain events, contained in said instrument, and which all the evidence showed had not occurred.

"3. The court erred in overruling and denying the defendant's motion for judgment notwithstanding the verdict, or for a new trial."

We find no instruction of the court, as set forth in specification No. 2, "that the instrument upon which plaintiff based her case was a promissory note, payable within a reasonable time after its alleged due date," etc. Neither is any such instruction pointed out to us. The court charged the jury that the burden of proof was upon the defendant to prove that no consideration had been received for the promissory note; and further: "Some testimony has been received in evidence tending to show that the loans referred to in the note, Exhibit 1, have not yet been completed. I charge you that under the law, these loans, in order to be binding upon the plaintiff, would have to be made and submitted to the plaintiff within a reasonable time from June 15, 1933, and it is for the jury to say whether up to the present is a reasonable time or not in which to receive the papers. So far as the defendant's liability on the Exhibit 1 is concerned, I charge you that the maker of a negotiable instrument, by making it, engages that he will pay it according to its tenor. But the note may be discharged by any act which will discharge a simple contract for the payment of money."

Under the facts in this case there is no prejudicial error in this charge.

The motion for a new trial is based upon specifications similar to

those set forth on this appeal; and in addition, that the evidence is insufficient to sustain the verdict. There is also an allegation that "The court erred in admitting and also in denying certain incompetent, irrelevant and immaterial evidence, over the objection of the defendant," but what this evidence is has not been pointed out. The record indicates nothing in this respect.

The only point to be considered is the sufficiency of the evidence. The defendant was the only witness. As early as 1931 he and the plaintiff had correspondence in regard to making investments for her. Defendant introduced some twenty-two letters written by the plaintiff to him—many of them referring to statements in purported letters from the defendant to the plaintiff. No such letter was introduced. Plaintiff sent him one thousand dollars which he invested in real estate mortgages. In 1932 she sent him another thousand dollars. When she got no acknowledgment, she wrote him, "Did you get that last $1000 placed yet and is it bearing interest? If so from what time does it date? & what rate. Have been wondering as I have not heard from you for some time in regard to the matter."

Some time later he sent her seventy dollars interest; and upon her insisting that he send her some record to show he had received the money, the defendant sent this promissory note.

Defendant admitted he sent her nothing as evidence of any investment except this note, or, as he called it, "a receipt." He admitted that no "loan or loans" had been "completed and delivered to payee," even up to the time of the trial; and suit was not commenced until March, 1938.

He said he used the money in paying debts of a certain Mead estate of which he was administrator; and, because the plaintiff had told him that in making investments he could use his best judgment, he assumed this gave him permission to use the money for the Mead estate. There is nothing to show any connection between plaintiff and the Mead estate, that she was financially interested in it, or had any property interest in it.

In one of the numerous letters introduced by the defendant, plaintiff told him, "All I ask is a first mortgage and clear title and the probability that I will get my interest yearly."

When pressed for information as to what "loan or loans" were "now"

being made" as set forth in the note, he stated he was making a loan on this Mead estate he was probating, but admitted no mortgage was ever executed, nor any contract ever completed.

He offered to prove that he had expended the money "in taxes, improvements, and other items at the special instance and request of . . . the plaintiff in this case . . . ;" and the objection thereto was sustained. But thereafter he testified, "The one thousand dollars was expended on the taxes, improvements and probating expenses and the taxes formerly paid on obligations of losses Mead covered up which was what sustained the loan for to pay the past taxes and all taxes to protect her property."

It is difficult to understand what the defendant meant by this, unless to show this was the "investment." But this avails him little. Plaintiff sent him the money to invest for her. No loans were ever "completed and delivered" to the plaintiff so as to relieve him from liability on the note, and he never returned the money. The verdict is amply sustained by the evidence, and the judgment is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.